IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                        :
WILFRIDO BERNAL VILLATORO, et al.
                                        :

    v.                                  :    Civil Action No. DKC 14-1978

                                        :
CTS & ASSOCIATES, INC., et al.
                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL") is a motion for default judgment filed by Plaintiffs Wilfrido Bernal Villatoro, et al. ("Plaintiffs"). (ECF No. 7). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied without prejudice.

**I.   Background**

  **A.   Factual Background**

Unless otherwise noted, the following facts are set forth in the complaint. (ECF No. 1). Plaintiffs worked for Defendant CTS & Associates, Inc. ("CTS") and Defendant Dana Purkey, the President of CTS (collectively "Defendants"). Plaintiffs worked for CTS during the following years:  Wilfrido Bernal Villatoro, 2006 to 2014; Will Miguel Bernal De La O, late 2011 to 2014; Elvis A. Bernal, 2012 to 2014; Bladimir Alexander Pichinte

Ardon, 2013 to 2014; Erick Jeovanny Bernal De La O, late 2009 to 2014; Carlos Mauricio Chicas Rivera, late 2011 to 2014; and Douglas J. Bernal De La O, July 29, 2011 to 2014. (*Id.* at 4). Plaintiffs aver that they each worked an average of fifty-two hours per week while working for CTS. (ECF Nos. 7-1 to 7-7). Plaintiffs assert they were compensated for overtime hours through pay marked as a "bonus" that was paid at their regular hourly rate. (ECF No. 1 ¶ 24). Plaintiffs contend that Defendants willfully withheld overtime pay from them. (*Id.* ¶¶ 32, 35, 41).

**B.   Procedural History**

Plaintiffs filed their complaint on June 18, 2014. (ECF No. 1). Plaintiffs allege overtime violations pursuant to the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL") (count I); the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") (count II); and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL") (count III).

Service of process was properly effected on both Defendants. (ECF Nos. 3; 4). Defendants failed to respond within the requisite time period, and Plaintiffs moved for entry of default. (ECF No. 5). The clerk entered default on September 17, 2014. (ECF No. 6). Plaintiffs filed the pending

motion for default judgment on March 26, 2015. (ECF No. 7). To date, Defendants have taken no action in the case.

## II. Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010). Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, such as here, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment

cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III. Analysis

### A.   Liability

Defendants were served with the complaint, but have not responded. Accordingly, all of Plaintiffs' allegations as to liability are deemed admitted.

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, Section 3-415 of the MWHL requires employers to pay their employees an overtime wage of at least one-and-half times their usual hourly wage for work they perform in excess of forty hours per week. Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420. "The requirements of the MWHL 'mirror' those of the FLSA, and claims under both statutes therefore stand or fall

4

together." *Orellana v. Cienna Properties, LLC*, Civ. No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (citing *Turner v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003)).   The MWPCL provides that employers "shall pay each employee at least once in every 2 weeks or twice in each month." Md.Code Ann., Lab. & Empl. § 3-502(a)(1)(ii).   Moreover, the Court of Appeals of Maryland reiterated the reach of the MWPCL claim in *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 646 (2014):

> Maryland has two wage enforcement laws . . . the [M]WHL and the [M]WPCL.  The [M]WHL aims to protect Maryland workers by providing a minimum wage standard.  The [M]WPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment.  Read together, these statutes allow employees to recover unlawfully withheld wages from their employer, and provide an employee two avenues to do so.

*See also Marshall v. Safeway*, 437 Md. 542, 561-62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer, not just for the failure to pay wages on time, but also for "the refusal of employers to pay wages lawfully due.").

Plaintiffs allege that they each worked approximately 52 hours per week, but were paid their regular rates, rather than time and a half, for the hours worked after forty hours each week.   Accepting as true the well-pled allegations, Plaintiffs

have established that Defendants are liable to Plaintiffs under the FLSA, the MWHL, and the MWPCL.

## B.  Damages

The complaint asserts that Plaintiffs are owed $102,914.16 for overtime, and requests either double or treble damages. (ECF No. 1, at 5-7).  "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work 'as a matter of just and reasonable inference.'"  *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)).  Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate."  *Id.* at *3.

Plaintiffs' evidence as to damages is not sufficient to create a "just and reasonable inference" of time worked without proper compensation.  Each plaintiff provides a brief affidavit stating that he worked "approximately fifty-two hours per week"

for a period of time ranging from less than one year to more than eight years. (ECF Nos. 7-1 to 7-7). The affidavits assert the years Plaintiffs worked for CTS, but, with one exception, do not indicate approximate start or end dates or even the number of weeks worked each year. Instead, in their motion for default judgment, Plaintiffs provide conclusory assertions as to the total number of weeks each Plaintiff worked.[1] (ECF No. 7, at 11-14). Plaintiffs have not provided any evidence, such as more detailed affidavits or supporting documentation, regarding the number of weeks worked, leaving the court to speculate as to the amount and extent of Plaintiffs' allegedly improperly compensated work. Additionally, five of the Plaintiffs' hourly rates changed at some point within a given year, but there is no evidence as to when within the year the change occurred. Finally, Mr. Villatoro's affidavit conflicts with assertions made in Plaintiffs' motion for default judgment. His affidavit states that he "was paid at a regular hourly rate of $17.00 for all hours worked." (ECF No. 7-1, at 2). However, Plaintiffs' motion contends that Mr. Villatoro "was paid at various hourly rates" ranging from $10.00 to $17.00. (ECF No. 7, at 11). Accordingly, without more detailed affidavits or documentation

---

[1] For example, the motion states "Elvis A. Bernal on average worked fifty-two hours per week and is owed $9,206.40 (12 hours per week x $6.85 difference per hour from his regular hourly rate x 112 weeks)." (ECF No. 7, at 12).

supporting the assertions contained in Plaintiffs' brief, the court is unable to determine accurately Plaintiffs' entitlement to damages.[2]   Plaintiffs' motion for default judgment will be denied without prejudice to renewal within fourteen (14) days. The request for attorneys' fees and costs will be considered when Plaintiffs submit a properly supported motion for default judgment.

## IV.  Conclusion

For the foregoing reasons, the motion for default judgment filed by Plaintiffs will be denied without prejudice to renewal within fourteen (14) days.  A separate order will follow.

                                    /s/
                              _____
                              DEBORAH K. CHASANOW
                              United States District Judge

---

[2]   To be clear, although affidavits or testimony approximating time worked and money owed is sufficient, *see Lopez*, 2008 WL 2227353, at *3, Plaintiffs' current affidavits fall short.   The affidavits contain no evidence supporting assertions in Plaintiffs' brief regarding the approximate number of weeks each Plaintiff worked or approximately when certain Plaintiffs' hourly rate was increased.   Merely stating the years worked is an inadequate approximation and does not allow the court to determine damages owed with any accuracy.   Some evidence or more detailed affidavits are required.