IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                  :
WILFRIDO BERNAL VILLATORO, et al.
                                  :
    v.                            :   Civil Action No. DKC 14-1978
                                  :
CTS & ASSOCIATES, INC., et al.
                                  :
```

**MEMORANDUM OPINION**

On March 26, 2015, Plaintiffs Wilfrido Bernal Villatoro, et al. ("Plaintiffs") filed a motion for default judgment and for attorneys' fees and costs. (ECF No. 7). On October 23, the court issued a memorandum opinion and order denying Plaintiffs' motion without prejudice because Plaintiffs had not provided sufficient support for their request for damages. (ECF Nos. 8; 9). In the prior memorandum opinion, the court held that Defendant CTS & Associates, Inc. and Dana Purkey (collectively, the "Defendants") were liable to Plaintiffs under the Fair Labor Standards Act (the "FLSA"), the Maryland Wage and Hour Law (the "MWHL"), and the Maryland Wage Payment and Collection Law (the "MWPCL"). (ECF No. 8, at 4-6). On November 6, Plaintiffs filed a supplemental motion for default judgment, which provides more detailed affidavits attesting to the number of hours and weeks each plaintiff worked. (ECF No. 10). Defendants have still taken no action in this case. The court now rules, no hearing

being deemed necessary.   Local Rule 105.6.   For the following reasons, Plaintiffs' motion for default judgment and for attorneys' fees and costs will be granted in part and denied in part.[1]

## I.  Damages

The complaint asserts that Plaintiffs are owed $102,914.16 in actual damages for overtime worked.   The complaint also requests either double or treble damages under the FLSA or the MWPCL, respectively.   (ECF No. 1, at 5-7).   "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work 'as a matter of just and reasonable inference.'"   *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)).   Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even

---

[1] Additional factual background and information regarding the standard of review can be found in the court's prior memorandum opinion. (ECF No. 8, at 1-4).

though the amounts claimed are only approximated and not perfectly accurate." *Id.* at *3.

### A.   Damages Calculation

Plaintiffs' initial motion did not provide sufficient evidence to create a "just and reasonable inference" of time worked without proper compensation because each plaintiff's affidavit lacked specificity. Plaintiffs' supplemental motion includes more detailed affidavits that credibly establish their rate of pay and the number of overtime hours for which they did not receive an overtime premium. Some of the plaintiffs' affidavits contain discrepancies or miscalculations regarding the amount of weeks worked and the amount of unpaid wages owed. Plaintiffs' averments of the number of weeks they worked are more precise and credible, and therefore, are the appropriate starting points for calculating the damages each plaintiff is owed.

Plaintiffs all aver that they worked approximately twelve overtime hours each week while employed by Defendants yet were paid only their regular hourly rate for all hours worked. Accordingly, each plaintiff is owed overtime compensation in an amount of fifty percent his regular rate multiplied by twelve hours of overtime multiplied by the number of weeks he worked.

Plaintiff Wilfrido Bernal Villatoro worked for Defendants from 2006 through 2014. (ECF No. 10-1). From 2006 through mid-

2007, Mr. Villatoro received a base wage of $10.00 per hour and worked 84 weeks, earning $5,040.00 in unpaid wages.  From mid-2007 through mid-2008, he worked 52 weeks at a base hourly rate of $12.50, for a total of $3,900.00 in unpaid wages.  From mid-2008 through mid-2012, Mr. Villatoro received a base wage of $15.00 per hour and worked 208 weeks.  Accordingly, for this period, Mr. Villatoro is entitled to $18,720.00 in unpaid overtime wages.  From mid-2012 through 2014, Mr. Villatoro received a base wage of $17.00 per hour and worked for 85 weeks, earning $8,670.00 in unpaid overtime wages.  In total, Mr. Villatoro is entitled to $36,330.00.

Plaintiff Douglas J. Bernal de la O worked for Defendants from July 29, 2011 through 2014.  (ECF NO. 10-2).  From July 29, 2011 through 2012, Mr. Bernal de la O received a base wage of $13.75 per hour and worked 116 weeks, for a total of $9,570.00 in unpaid compensation.  For portions of 2013 and 2014, Mr. Bernal de la O received a base wage of $15.00 and worked 10 weeks, earning $900.00 in unpaid compensation.  Accordingly, Mr. Douglas J. Bernal de la O is entitled to $10,470.00 in unpaid overtime wages.

Plaintiff Elvis A. Bernal worked for Defendants from 2012 through 2014.  (ECF No. 10-3).  Mr. Bernal received a base wage of $13.70 and worked 112 weeks.  Accordingly, Mr. Bernal is entitled to $9,206.40 in unpaid overtime wages.

4

Plaintiff Will Miguel Bernal de la O worked for Defendants from late-2011 through 2014. (ECF No. 10-4). From late-2011 through late-2012, Mr. Bernal de la O received a base wage of $13.70 and worked 52 weeks, for a total of $4,274.40 in unpaid wages. From 2013 through 2014, he received a regular wage of $15.00 and worked 52 weeks, for a total of $4,680.00. Accordingly, Mr. Will Miguel Bernal de la O is entitled to $8,954.40 in unpaid overtime wages.

Plaintiff Erick Jeovanny Bernal de la O worked for Defendants from late-2009 through 2014. (ECF No. 10-5). From late-2009 through 2011, Mr. Bernal de la O earned an hourly rate of $13.75 and worked for 116 weeks, for a total of $9,570.00 in unpaid compensation. From mid-2012 through 2014, Mr. Bernal de la O received a base wage of $15.00 and worked 52 weeks, earning $4,680.00 in unpaid wages. Accordingly, Mr. Erick Jeovanny Bernal de la O is entitled to $14,250.00 in unpaid overtime wages.

Plaintiff Carlos Mauricio Chicas Rivera worked for Defendants from late-2011 through 2014. (ECF No. 10-6). From late-2011 through 2012, Mr. Rivera received a base wage of $8.75 and worked 58 weeks, for a total of $3,045.00 in unpaid wages. From 2013 through 2014, Mr. Rivera received a abase wage of $10.00 per hour and worked 60 weeks, earning $3,600.00 in unpaid wages. Accordingly, Mr. Rivera is entitled to $6,645.00.

Finally, Plaintiff Bladimir Alexander Pichinte Ardon worked for Defendants from 2013 through 2014. (ECF No. 10-7). He received a base wage of $11.25 per hour and worked for 32 weeks. Accordingly, Mr. Ardon is entitled to $2,160.00 in unpaid overtime wages.

In sum, Plaintiffs are entitled to $88,015.80 in unpaid overtime wages for hours worked for Defendants.

### B.  Enhanced Damages

Plaintiffs request that the damages be doubled pursuant to the FLSA or trebled pursuant to the MWPCL. Plaintiffs are "entitled to recover liquidated damages under the FLSA or treble damages under the [MWPCL], but not both." *Quiroz v. Wilhelp Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D.Md. Nov. 17, 2011). "'Enhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification.'" *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D.Md. Nov. 5, 2012) (quoting *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *4 (D.Md. May 23, 2008)). Thus, it has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the

"defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'" *Clancy*, 2012 WL 5409733, at *8 (quoting *Lopez*, 2008 WL 2227353, at *4); *see also Castillo v. D&P Prof'l Servs., Inc.*, No. DKC-14-1992, 2015 WL 4068531, at *6-7 (D.Md. July 2, 2015); *Labuda v. SEF Stainless Steel, Inc.*, No. RDB-11-1078, 2012 WL 1899417, at *3 (D.Md. May 23, 2012); *Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 800 (D.Md. 2010).

Here, Defendants have failed to appear and present any evidence of a colorable justification for withholding the wages. On the other hand, Plaintiffs have provided no evidence of any consequential damages suffered as a result of Defendants' violations. Accordingly, liquidated damages under the FLSA will be awarded in the total amount of $176,031.60.

## II. Attorneys' Fees and Costs

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorneys' fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court."

*Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984). The MWHL also allows for the recovery of attorneys' fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3-427 ("If a court determines that an employee is entitled to recovery in an action under this section, the court may allow against the employer reasonable counsel fees and other costs.").

Plaintiffs seek $16,323.50 in attorneys' fees for 42.3 hours worked.[2] (*See* ECF No. 7, at 19-20). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008).[3] In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate, numerous factors may prove pertinent, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee

---

[2]   Although Plaintiffs seek compensation for 42.3 hours worked, the court's calculations indicate it is actually 42.4 hours.

[3]   Maryland courts also use the "lodestar" method when determining attorneys' fees under fee-shifting statutes. *See, e.g., Friolo v. Frankel*, 373 Md. 501, 504-05 (2003).

for like work; (6) the attorney's
expectations at the outset of the
litigation; (7) the time limitations imposed
by the client or circumstances; (8) the
amount in controversy and the results
obtained; (9) the experience, reputation and
ability of the attorney; (10) the
undesirability of the case within the legal
community in which the suit arose; (11) the
nature and length of the professional
relationship between attorney and client;
and (12) attorneys' fees awards in similar
cases.

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir.

2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28

(4th Cir. 1978)).  "[T]he burden rests with the fee applicant to

establish the reasonableness of a requested rate."  *Id.* at 244

(quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

"In addition to the attorney's own affidavits, the fee applicant

must produce satisfactory specific evidence of the prevailing

market rates in the relevant community for the type of work for

which he seeks an award," including, for example, "affidavits of

other local lawyers who are familiar both with the skills of the

fee applicants and more generally with the type of work in the

relevant community."  *Id.* at 244, 245 (internal quotation marks

omitted).

Here, Plaintiffs provide an affidavit from Mary Craine

Lombardo, lead Plaintiffs' counsel, as well as detailed billing

sheets as evidence to support their request.  (ECF No. 7-8).

Although additional information is often required to support a

request for attorneys' fees, such information is not necessary in this case.  The court has previously considered fee petitions in a number of similar cases, including one submitted by Ms. Lombardo.  *See Albanez v. Breeding Constr., Inc.*, No. DKC-14-1813, 2016 WL 894617, at *4 (D.Md. Mar. 9, 2016).  Ms. Lombardo avers that she and her colleague, Jonathan F. Lieberman, were both admitted to the bar in 1999.  (ECF No. 7-8, at 2).  Accordingly, when performing work on this case, Ms. Lombardo and Mr. Lieberman had been admitted to the bar for fourteen or fifteen years.  They request a billing rate of $395 per hour.  In *Albanez*, the court noted:

> This rate is within the range for attorneys practicing for more than fifteen years, but is higher than the range for attorneys practicing between nine and fourteen years. Much of the work in this case occurred before Ms. Lombardo and Mr. Lieberman were admitted to the bar for fifteen years. Moreover, this case does not present any unusual or complicated issues justifying a particularly high rate.  Accordingly, Ms. Lombardo and Mr. Lieberman's hourly rate will be reduced to $350.

*Albanez*, 2016 WL 894617, at *4.  For similar reasons, an hourly rate of $350 is reasonable here as well.  Plaintiffs also request an hourly rate of $480 for work performed by Jolie S. Deutschman.  Plaintiffs provide no support for such a high hourly rate, and Ms. Deutschman's rate will be reduced to $350.  Plaintiffs request both a $225 and a $275 hourly rate for the

work of an associate, but provide no information regarding how long this associate has been practicing or justification for the rate increase.  Plaintiffs further request a $160 hourly rate for work performed by a paralegal, which is above the guidelines' range.  Accordingly, the associate's hourly rate will be $225 for all work performed, and the paralegal's rate will be reduced to $150.

The number of hours expended is well-documented and appears reasonable given the inclusion of multiple plaintiffs and the several attempts to resolve this case without court assistance. Counsel spent 42.4 hours on this case from the initial consultations with Plaintiffs in March 2014 through the drafting of the motion for default judgment over a year later. Accordingly, $14,380.00 will be awarded for work performed by Plaintiffs' counsel.

Furthermore, Plaintiffs request $450 in costs.  (ECF No. 7-8, at 3).  These costs include a $400 filing fee and $50 for service of process fees.

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases.  *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998).  . . .  [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v.*

> *McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).
> Types of costs charged to losing defendants
> include "necessary travel, depositions and
> transcripts, computer research, postage,
> court costs, and photocopying." *Almendarez*
> *v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010
> WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012).

Here, the costs requested by Plaintiffs are reasonable, necessary, and are detailed with sufficient specificity. (ECF No. 10-1, at 28). Accordingly, Plaintiffs have met their "burden of providing sufficient detail . . . to explain and support [their] requests for fees and costs," *see Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion will be granted in part and denied in part. Judgment will be entered for Plaintiffs in the amount of $176,031.60. Plaintiffs will also be awarded $14,380.00 in attorneys' fees and $450.00 in costs. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
